**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| C.M., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | **Civil Action No. 21-20240 (SRC)** **OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff C.M. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 17, 2017. A hearing was held before ALJ Andrea Addison (the "ALJ") on February 26, 2020, and the ALJ issued an unfavorable decision on April 14, 2020. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of April 14, 2020, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes two arguments on appeal: 1) at step four, the "ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to include restrictions that addressed Plaintiff's moderate limitations in adapting and managing" (Pl.'s Br. at 14); and 2) at step four, the "ALJ's evaluation of Plaintiff's subjective complaints was unsupported by substantial evidence and wholly boilerplate" (Pl.'s Br. at 17).

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff first argues that, in formulating the RFC at step four, the ALJ neglected to include limitations that reflect the moderate limitations in adapting and managing that were found at step three. As the Commissioner points out in opposition, the Third Circuit rejected this kind of challenge in Hess v. Comm'r Soc. Sec., 931 F.3d 198, 209 (3d Cir. 2019) (citations omitted):

> It is true, as the government contends, that no incantations are required at steps four and five simply because a particular finding has been made at steps two and three. Those portions of the disability analysis serve distinct purposes and may be expressed in different ways. When mental health is at issue, the functional limitation categories are "used to rate the severity of mental impairment(s)[.]" SSR 96-8p. While obviously related to the limitation findings, the RFC is a determination of "the most [a claimant] can still do despite [his] limitations" "based on all the relevant evidence in [the] case record." It "requires a more detailed assessment [of the areas of functional limitation] by itemizing various functions contained in the broad [functional limitation] categories[.]" And, unlike the findings at steps two and three, the RFC "must be expressed in terms of work-related functions[,]" such as by describing the claimant's "abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." In short, the findings at steps two and three will not necessarily translate to the language used at steps four and five.

Pursuant to Hess, the analyses of mental impairments at step three and step four are different, and it is not error when there are differences in the findings.

Plaintiff argues: "The ALJ's failure to explain why the moderate limitations she identified were not incorporated in to Plaintiff's RFC is harmful." The law does not impose on the Commissioner the obligation to justify the absence of every piece of evidence that was not mentioned at step four. Rather, as just explained, under Third Circuit law, "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three." Hess, 931 F.3d at 209. This means what it says: the Commissioner is not obligated to do something at step four because of a particular finding at step three.

Moreover, Plaintiff's argument has the effect of putting a burden of disproof on the Commissioner, contrary to the requirements of Shinseki and Bowen. Pursuant to Bowen, at the first four steps, Plaintiff bears the burden of proof of disability. Pursuant to Shinseki, on appeal, Plaintiff bears the burden of proof that an error was harmful. In considering Plaintiff's challenge to the RFC, the Court inquires, then, whether Plaintiff has carried her burden of proving that the ALJ erred at step four by not including a limitation expressly based on the step three finding of moderate limitation in adapting and managing, as well as her burden of showing that such an error was harmful to her. Plaintiff has done neither here. Plaintiff has not mustered the evidence to show that the evidence of record demonstrates that her moderate limitations in adapting and managing have any particular impact on her functional capacity to work. In the absence of such a demonstration, this Court has no basis to find that Plaintiff was harmed by the error she alleges. On appeal, Shinseki does not task the Commissioner with the burden of disproving every allegation of error made by a claimant; Shinseki places the burden of proof of prejudicial error

on appeal on the claimant.

Plaintiff next argues that the ALJ failed to properly consider Plaintiff's subjective complaints because the ALJ failed to provide "the required analysis of the SSR 16-3p factors." (Pl.'s Br. at 20.) Plaintiff explains:

> The ALJ, however, may not reject a claimant's subjective complaints regarding the intensity and persistence of the pain "solely because the available objective medical evidence does not substantiate [his or her] statements." 20 C.F.R. § 404.1529(c)(2). That is, the ALJ must consider other various factors including the claimant's daily activities, the frequency and intensity of pain, the type, dosage, effectiveness, and side effects of medication, and other treatment that relieves pain. SSR 16-3p.

(Pl.'s Br. at 19.) Plaintiff has stated correctly that SSR 16-3p lists these factors, as well as others, that will be considered by the ALJ when considering the claimant's symptoms. After listing these various additional factors, SSR 16-3p states:

> We will consider other evidence to evaluate only the factors that are relevant to assessing the intensity, persistence, and limiting effects of the individual's symptoms. If there is no information in the evidence of record regarding one of the factors, we will not discuss that specific factor in the determination or decision because it is not relevant to the case. We will discuss the factors pertinent to the evidence of record.

This paragraph makes clear that the ALJ is not required to offer a finding about every possible factor that SSR 16-3p lists; instead, the ALJ discusses only the factors "pertinent to the evidence of record." Plaintiff's brief overlooks this provision in SSR 16-3p and makes no argument that the ALJ overlooked factors that meet the requirement of being pertinent to the evidence of record. Nor has Plaintiff demonstrated that, pursuant to Shinseki, there was evidence of record that was not considered that might have affected the outcome of the disability determination: Plaintiff has not demonstrated that any potential error was harmful.

The Court has reviewed the ALJ's discussion and analysis of Plaintiff's symptoms at step

four. The ALJ reviewed the objective medical evidence of record, as well as the evidence of Plaintiff's symptoms, and then offered a detailed explanation of the rationale for the determination "that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 29.) Plaintiff's brief raises no specific challenges to the detailed rationale explained by the ALJ and this Court finds that it is supported by substantial evidence. Plaintiff has failed to persuade that the requirements of SSR 16-3p were not followed.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors. Plaintiff has not shown that the ALJ made any material and prejudicial error and has made no demonstration of prejudice as required by Shinseki. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 21, 2026